UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.:  1:20-cv-2505 |
| | ) |
| KROGER LIMITED PARTNERSHIP | ) |
| II d/b/a CROSSROAD FARM DAIRY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Gary Morrison ("Morrison" or "Plaintiff"), by Counsel, brings this action against Defendant, Kroger Limited Partnership II d/b/a Crossroad Farm Dairy ("Defendant", hereinafter), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.*, The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*, and Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

**II. PARTIES**

2. Morrison is a resident of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

## III. JURISIDCTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. §2000e-5(f)(3); and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

6. Morrison, at all relevant times, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Morrison was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

8. Morrison is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Morrison's disability and/or regarded Morrison as being disabled and/or Morrison has a record of being disabled.

9. Morrison satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on his disability.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11.     Morrison was hired by Defendant on or about December 2008, as an Operator.

12.     Throughout his employment, Morrison met or exceeded legitimate performance expectations.

13.     In or around 2015, Morrison was shot in a non-work incident. Due to the incident, Morrison suffers from a disability, as that term is defined by the ADA.

14.     Due to muscle spasms, abdominal pain, bladder issues, and extreme discomfort, Morrison periodically sought leave under the Family and Medical Leave Act (FMLA).

15.     Between 2016 and 2019, Morrison was terminated twice by his employer for utilizing FMLA Leave. Morrison was able to be reinstated to his same position and corresponding pay but did not receive back pay.

16.     On or about November 18, 2019, Morrison arrived for work. Upon his arrival, his Dock Chief, Stacy Chatman, immediately stated, "you are not supposed to be here," and that, "something needs to be done about this (Morrison coming into work)." Morrison informed Chatman that he was indeed supposed to be at work.

17.     Morrison engaged in a protected activity by notifying his Supervisor, Cody (*Last Name Unknown*), and his Superintendent, Aaron Stacy, of Chatman's complaints for utilizing the FMLA to both him and other employees.

18.     Morrison's complaints were brought to Human Resources, Nikki (*Last Name Unknown*).

19. On or around December 9, 2019, Morrison engaged in a protected activity when he complained of Disability and FMLA Discrimination by filing an EthicsPoint Complaint (Defendant's Ethics Department Line) after no action was taken against Chatman.

20. Days later, Morrison was demoted from 1st Shift/Mow Down to 3rd Shift/Clean Up, which resulted in a $2/hour drop in pay.

21. Defendant subjected Morrison to worse terms and conditions of employment than his peers due to his disability, use of FMLA, and in retaliation for engaging in a protected activity. Defendant's actions are pretext in violation of the Americans with Disabilities Act of 1990, as amended, and Title VII of the Civil Rights Act.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

22. Morrison hereby incorporates by reference paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Defendant discriminated against Morrison by subjecting him to disparate treatment on the basis of his disability.

24. Defendant's actions were intentional, willful, and in reckless disregard of Vincent's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et. seq.*

25. Morrison has suffered damages as a result of Defendant's actions.

### COUNT II: FMLA RETALIATION

26. Morrison hereby incorporates by reference paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27. Defendant retaliated against Morrison for exercising his rights under the FMLA.

28. Defendant's actions were intentional, willful, and in reckless disregard for Vincent's rights as protected by the FMLA.

29. Morrison suffered damages as a result of Defendant's unlawful acts.

## COUNT III: RETALIATION

30. Morrison hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Morrison engaged in a protected activity under Title VII of the Civil Rights Act of 1964.

32. Defendant terminated Morrison's employment because he engaged in a protected activity.

33. Defendant's actions were intentional, willful, and in reckless disregard of Morrison's rights as protected by Title VII of the Civil Rights Act of 1964.

34. Morrison has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Gary Morrison, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and/or disability;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award Plaintiff compensatory damages for Defendant's violations of Title VII and the ADA;

5. Award Plaintiff punitive damages for Defendant's violations of Title VII and the ADA;

6. Award Plaintiff liquidated damages for Defendant's violations of the Family Medical Leave Act;

7. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

8. Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

9. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*_____
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       tferguson@bdlegal.com
             ad@bdlegal.com
*Attorneys for Plaintiff, Gary Morrison*

## DEMAND FOR JURY TRIAL

Plaintiff, Robert Vincent, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Taylor Ferguson*_____
Taylor Ferguson
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       tferguson@bdlegal.com
             ad@bdlegal.com
*Attorneys for Plaintiff, Gary Morrison*